Filed 8/21/20  P. v. Gonzalez CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY GONZALEZ,<br><br>    Defendant and Appellant. | B302275<br><br>Los Angeles County<br>Super. Ct. No. BA361251-03 |

APPEAL from an order of the Superior Court of Los Angeles County, Robert J. Perry, Judge.  Affirmed.

Randy S. Kravis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted defendant and appellant Anthony Gonzalez of two counts of attempted premeditated murder. We affirmed Gonzalez's conviction in 2013. (*People v. Vasquez et al.* (Apr. 11, 2013, B238989) [nonpub. opn.].) In 2019, after Senate Bill No. 1437 (SB 1437) took effect, Gonzalez petitioned for resentencing under Penal Code section 1170.95.[1] The trial court found Gonzalez statutorily ineligible for relief and summarily denied his petition. We affirm.

Gonzalez asked us to take judicial notice in this appeal of the record in his direct appeal. We granted that request.

The facts of Gonzalez's crimes are not relevant to this appeal; we summarize them very briefly. According to Gonzalez's brief, victims Gregory Wilborn and his brother Terrence Blackman—both African American—were smoking and talking on a street in Reseda. Gonzalez and his fellow gang member Francisco Vasquez approached the victims. Vasquez pointed a gun at the Black men and said, "Fuck you, nigger." Vasquez's gun apparently jammed. Gonzalez, "who also had a gun, ran into the street as if to get a better angle and fired two shots at the brothers as they fled. One of the shots struck Wilborn in the leg. Fortunately for Wilborn, he survived." Gonzalez and Vasquez "hopped" into a waiting car driven by another fellow member of the Canoga Park Alabama gang. The car "sped off."

The jury convicted Gonzalez of the willful, deliberate, premeditated attempted murders of Wilborn and Blackman. The jury also found true allegations that Gonzalez committed the crimes for his gang, that a principal discharged a firearm causing great bodily injury to Wilborn, and that the attempted murders were hate crimes. The trial court sentenced Gonzalez to 58 years to life.

---

[1]     References to statutes are to the Penal Code.

On August 16, 2019, Gonzalez filed a petition for resentencing under section 1170.95. Using a preprinted form, he checked boxes 1, 2a, 3, 4, and 5. Box 2a states, "At trial, I was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine."

In a written order filed September 30, 2019, the trial court denied Gonzalez's petition. The court wrote, "Gonzalez is ineligible for sentencing relief under Penal Code § 1170.95 because the statute does not apply to attempted murder convictions."

Gonzalez appealed and we appointed counsel to represent him. After examining the record, counsel filed an opening brief raising no issues and asking this court independently to review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). According to his declaration dated April 7, 2020, counsel sent Gonzalez a letter notifying him that counsel intended to file a *Wende* brief and that Gonzalez could file a supplemental brief. We have received no supplemental brief from Gonzalez.

Our Legislature enacted SB 1437 to "amend the felony murder rule and the natural and probable consequences doctrine, *as it relates to murder* . . . ." (Stats. 2018, ch. 1015, § 1, subd. (f), italics added.) We and other appellate courts have held that—by its plain terms—SB 1437 does not encompass attempted murder. (*People v. Munoz* (2019) 39 Cal.App.5th 738, review granted Nov. 26, 2019, S258234; *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1103-1105, review granted Nov. 13, 2019, S258175; *People v. Dennis* (2020) 47 Cal.App.5th 838, 844, review granted July 29, 2020, S262184; *People v. Alaybue* (2020) 51 Cal.App.5th 207.) The California Supreme Court is currently considering the question. (*Lopez*, S258175.) Pending further guidance from our high court, we continue to conclude that section 1170.95

3

provides relief only for petitioners who were convicted of murder, not attempted murder.

We are satisfied that Gonzalez's counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *Wende*, *supra*, 25 Cal.3d at p. 441.)  Gonzalez is not eligible for resentencing under SB 1437 because he was convicted of attempted murder, not murder.

## DISPOSITION

We affirm the trial court's denial of Anthony Gonzalez's petition for resentencing under Penal Code section 1170.95.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



EGERTON, J.

We concur:



EDMON, P. J.



LAVIN, J.

4